## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DENISE PAYNE,

       Plaintiff,

v.

BROWARD COUNTY BOARD OF
COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA;
PNS STORES, INC. d/b/a BIG LOTS #4262;
APNA PUNJAB, INC. d/b/a JUICY GYROS;
MOJO DONUTS, INC. d/b/a MOJO DONUTS;
LA HORMIGA DE ORO #1, INC. d/b/a
LA HORMIGA RESTAURANT and
HURO INC. d/b/a DON PEPE II RESTAURANT,

       Defendants.

_____/

## COMPLAINT

Plaintiff, DENISE PAYNE, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues Defendants, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA; PNS STORES, INC. d/b/a BIG LOTS #4262; APNA PUNJAB, INC. d/b/a JUICY GYROS; MOJO DONUTS, INC. d/b/a MOJO DONUTS; LA HORMIGA DE ORO #1, INC., INC. d/b/a LA HORMIGA RESTAURANT and HURO INC. d/b/a DON PEPE II RESTAURANT, (hereinafter "Defendants), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, et seq.

4.      Plaintiff, DENISE PAYNE, is an individual over eighteen years of age, residing

in Florida, and is otherwise sui juris.

5.      At all times material, Defendant, BROWARD COUNTY BOARD OF

COUNTY COMISSIONERS d/b/a BIG LOTS PLAZA; was and is a municipal corporation

and political subdivision of the State of Florida.

6.      At all times material, Defendant, BROWARD COUNTY BOARD OF

COUNTY COMISSIONERS, owned and operated an entertainment/shopping plaza located

at 7900-7996 Pines Boulevard, Pembroke Pines, Florida 33024 (hereinafter the "plaza

property") and conducted a substantial amount of business in its place of public accommodation

in Pembroke Pines, Broward County, Florida.

7.      At all times material, Defendant, PNS STORES, INC. was and is a Foreign

Profit Corporation, organized under the laws of Ohio, with its principal place of business in

Columbus, Ohio.

8.      At all times material, Defendant, PNS STORES, INC. owned and operated a

commercial shopping center at 7930 Pines Boulevard, Pembroke Pines, Florida 33024[1]

(hereinafter the " Commercial Property") and conducted a substantial amount of business in

that place of public accommodation in Pembroke Pines, Florida. Defendant, PNS STORES,

---

[1]This address is located within the retail shopping center and place of public accommodation 7900-7966 Pines
Boulevard, Pembroke Pines, Florida 33024, owned and operated by landlord Defendant, BROWARD COUNTY
BOARD OF COUNTY COMMISSIONERS.

INC., holds itself out to the public as "Big Lots #4262."

9.      At all times material, Defendant, APNA PUNJAB, INC., was and is a Florida Profit Corporation, organized under the laws of Florida, with its principal place of business in Davie, Florida.

10.      At all times material, Defendant, APNA PUNJAB, INC., owned and operated a restaurant located at 7976 Pines Boulevard, Pembroke Pines, Florida 33024[2] (hereinafter the " Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Pembroke Pines, Florida. Defendant, APNA PUNJAB, INC., holds itself out to the public as "JUICY GYROS."

11.      At all times material, Defendant, MOJO DONUTS, INC. was and is a Florida Profit Corporation, organized under the laws of Florida, with its principal place of business in Dania Beach, Florida.

12.      At all times material, Defendant, MOJO DONUTS, INC., owned and operated a restaurant located at 7906 Pines Boulevard, Pembroke Pines, Florida 33024[3] (hereinafter the " Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Pembroke Pines, Florida. Defendant, MOJO DONUTS, INC., holds itself out to the public as "MOJO DONUTS."

13.      At all times material, Defendant, LA HORMIGA DE ORO #1, INC., was and is a Florida Profit Corporation, organized under the laws of Florida, with its principal place of business in Pembroke Pines, Florida.

---

[2] This address is located within the retail shopping center and place of public accommodation 7900-7966 Pines Boulevard, Pembroke Pines, Florida 33024, owned and operated by landlord Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS.
[3] This address is located within the retail shopping center and place of public accommodation 7900-7966 Pines Boulevard, Pembroke Pines, Florida 33024, owned and operated by landlord Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS.

14.    At all times material, Defendant, LA HORMIGA DE ORO #1, INC., owned and operated a restaurant located at 7902 Pines Boulevard, Pembroke Pines, Florida 33024[4] (hereinafter the " Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Pembroke Pines, Florida. Defendant, LA HORMIGA DE ORO #1, INC., holds itself out to the public as "LA HORMIGA RESTAURANT".

15.    At all times material, Defendant, HURO, INC., was and is a Florida Profit Corporation, organized under the laws of Florida, with its principal place of business in Pembroke Pines, Florida.

16.    At all times material, Defendant, LA HORMIGA DE ORO #1, INC., owned and operated a restaurant located at 7902 Pines Boulevard, Pembroke Pines, Florida 33024[5] (hereinafter the " Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Pembroke Pines, Florida. Defendant, LA HORMIGA DE ORO #1, INC., holds itself out to the public as "LA HORMIGA RESTAURANT."

17.    At all times material, Defendant, HURO, INC., was and is a Florida Profit Corporation, with its principal place of business in Pembroke Pines, Florida.

18.    At all times material, Defendant, HURO, INC., owned and operated a restaurant located at 7900 Pines Boulevard, Pembroke Pines, Florida 33024[6] (hereinafter the " Commercial Property") and conducted a substantial amount of business in that place of public

---

[4] This address is located within the retail shopping center and place of public accommodation 7900-7966 Pines Boulevard, Pembroke Pines, Florida 33024, owned and operated by landlord Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS.

[5] This address is located within the retail shopping center and place of public accommodation 7900-7966 Pines Boulevard, Pembroke Pines, Florida 33024, owned and operated by landlord Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS.

[6] This address is located within the retail shopping center and place of public accommodation 7900-7966 Pines Boulevard, Pembroke Pines, Florida 33024, owned and operated by landlord Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS.

accommodation in Pembroke Pines, Florida. Defendant, HURO, INC., holds itself out to the public as "DON PEPE III RESTAURANT."

19.     Venue is properly located in the Southern District of Florida because Defendants' restaurants and the property within which they are on is located in Broward County, Florida, and Defendants regularly conduct business within Broward, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward, Florida.

FACTUAL ALLEGATIONS

20.     Although nearly thirty (30) years have passed since the effective date of Title II and III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

21.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses.

22.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

23.     Plaintiff, DENISE PAYNE, is an individual with disabilities as defined by and pursuant to the ADA. DENISE PAYNE uses a wheelchair to ambulate. DENISE PAYNE has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   She is limited in her major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

24.    The subject Commercial property is open to the public and is located in Pembroke Pines, Florida.

25.    The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about March 28, 2022, encountering multiple violations of the ADA that directly affected her ability to use and enjoy the Commercial Property and businesses located therein.   She often visits the Commercial Property and businesses located within the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately twelve (12) miles from her residence and is near other businesses and restaurants she frequents as a patron.   She plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint, before August 29, 2022.

26.    Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to her residence and other businesses that she frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint, specifically before August 29, 2022.

27.    The Plaintiff found the Place of Public Accomodation, and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue her patronage and use of each of the premises.

28.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered her safety in violation of the ADA.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DENISE PAYNE, and others similarly situated.

29.     Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, PNS STORES, INC. d/b/a BIG LOTS #4262; APNA PUNJAB, INC. d/b/a JUICY GYROS; MOJO DONUTS, INC. d/b/a MOJO DONUTS; LA HORMIGA DE ORO #1 d/b/a LA HORMIGA RESTAURANT and HURO INC. d/b/a DON PEPE II RESTAURANT., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA, own and/or operate the Commercial Property Businesses is located at 7900-7966 Pines Boulevard, Pembroke Pines, Florida 33024.

30.     Plaintiff, DENISE PAYNE, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through VI of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination

at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

31.    Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA; as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Counts I through VI, albeit via Title II of the ADA wherein the individual tenant jointly and severally liable for their interior areas under Title III of the ADA. PNS STORES, INC. d/b/a BIG LOTS #4262; APNA PUNJAB, INC. d/b/a JUICY GYROS; MOJO DONUTS, INC. d/b/a MOJO DONUTS; LA HORMIGA DE ORO #1 d/b/a LA HORMIGA RESTAURANT and HURO INC. d/b/a DON PEPE II RESTAURANT, as tenants and owners and/ operators of the businesses within the Commercial Property, are jointly and severally responsible and liable for all ADA violations listed in this Complaint, for each respective leased area.

32.    Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS AS TO**
**BROWARD COUNTY BOARD OF COUNTY**

## COMMISSIONERS d/b/a BIG LOTS PLAZA

33.　The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

34.　Although over twenty-five (25) years have passed since the effective date of Title II of the ADA, Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS, has yet to make its facilities accessible to individuals with disabilities.

35.　Defendant, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS D/B/A BIG LOTS PLAZA, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A. Parking

i.　The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.　The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff had difficulty accessing the facility, as there are sections without designated accessible parking spaces. Violation: Accessible parking spaces are not dispersed and located closest to accessible entrances, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Entrance Access and Path of Travel

i.   The Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iv.   The Plaintiff could not navigate the curb ramps without assistance, as there are curb ramps at the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG

and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The Plaintiff had difficulty traversing the path of travel, as there are wide openings on ground surfaces. Violation: There are inaccessible routes with openings more than ½". These are violations of the requirements in Section 4.5.4 of the ADAAG and Section 302.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II – ADA VIOLATIONS
AS TO BROWARD COUNTY BOARD OF COUNTY
COMMISSIONERS d/b/a BIG LOTS PLAZA and
PNS STORES, INC. d/b/a BIG LOTS #4262;**

36.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

37.   Defendants, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA and PNS STORES, INC. d/b/a BIG LOTS #4262, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff

encountered during her visit to the Commercial Property, include but are not limited to, the following:

    A.  <u>Entrance Access and Path of Travel</u>

i.    The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.  <u>Public Restrooms</u>

i.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff could not transfer to the toilet without assistance in the accessible toilet compartment, as objects are mounted less than 1 1/2" below a grab bar, obstructing its use.

Violation: The grab bars do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT III – ADA VIOLATIONS
### AS TO BROWARD COUNTY BOARD OF COUNTY
### COMMISSIONERS d/b/a BIG LOTS PLAZA and
### APNA PUNJAB, INC. d/b/a JUICY GYROS

38.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

39.    Defendants, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA and APNA PUNJAB, INC. d/b/a JUICY GYROS, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A.    Access to Goods and Services

i.    The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.    Public Restrooms

i.    The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG

and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.    The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT IV – ADA VIOLATIONS
## AS TO BROWARD COUNTY BOARD OF COUNTY
## COMMISSIONERS d/b/a BIG LOTS PLAZA and
## MOJO DONUTS, INC. d/b/a MOJO DONUTS

40.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

41.     Defendants, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA and MOJO DONUTS, INC. d/b/a MOJO DONUTS, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

    A.  <u>Access to Goods and Services</u>

i.   There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.  <u>Public Restrooms</u>

i.   There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the lavatory without assistance, as the required knee & toe

clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT V – ADA VIOLATIONS**
**AS TO BROWARD COUNTY BOARD OF COUNTY**
**COMMISSIONERS d/b/a BIG LOTS PLAZA and**
**LA HORMIGA DE ORO #1 d/b/a LA HORMIGA RESTAURANT**

42.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

43.   Defendants, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA and LA HORMIGA DE ORO #1 d/b/a LA HORMIGA RESTAURANT, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A.   Access to Goods and Services

i.   There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.   The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided due to objects that obstruct the clear floor space. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the

ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

x.   The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with

Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT VI – ADA VIOLATIONS AS TO BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA and HURO, INC. d/b/a DON PEPE III RESTAURANT**

44.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

45.     Defendants, BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS d/b/a BIG LOTS PLAZA and HURO, INC. d/b/a DON PEPE III RESTAURANT, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

    A.  Public Restrooms

i.   The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance is not provided due to objects that obstruct the clear floor space. Violation: The restroom area door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch

side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation: The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff could not use the accessible toilet compartment without assistance, as one of the required size is not provided: Violation: The accessible toilet compartments provided for public use at the facility are in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section

604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

46.     The discriminatory violations described in Counts I and VI of this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DENISE PAYNE, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

47.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building(s), businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual

Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

48.     Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

49.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

50.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

51.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

52.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 7900-7966 Pines Boulevard, Pembroke Pines, Florida 33024, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, DENISE PAYNE, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title II and III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title II & III of the Americans with Disabilities Act.

Dated: July 8, 2022.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
dperaza@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
        ANTHONY J. PEREZ